**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| PLASTERERS AND CEMENT MASONS LOCAL 40 PENSION FUND, ET. AL.<br><br>Plaintiffs,<br><br>v.<br><br>ROYAL DRYWALL & CONSTRUCTION CO., INC.<br><br>Defendant. | C.A. No. 04-84L |

**PLAINTIFFS' LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

Pursuant to Local Rule 56.1, Plaintiffs Plasterers and Cement Masons Local 40 Pension Fund, et. al. submit their Statement in support of their Motion for Summary Judgment.

1. Plaintiff Plasterers and Cement Masons Local 40 Pension Fund ("Pension Fund") is an employee pension plan within the meaning of ERISA, 29 U.S.C. §1002(2).

2. Plaintiff Plasterers and Cement Masons Local 40 Annuity Fund ("Annuity Fund") is an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. §1002(1).

3. Plaintiff Plasterers and Cement Masons Local 40 Health and Welfare Fund ("Welfare Fund") is an employee

welfare benefit plan within the meaning of ERISA, 29 U.S.C. §1002(1).

4. Plaintiff Plasterers and Cement Masons Local 40 Apprenticeship Fund ("Apprenticeship Fund") is an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. §1002(1).

5. Plaintiff Plasterers and Cement Masons Local 40 ("Local 40") is a labor union within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1002(4) and within the meaning of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §152(5).

6. Plasterers and Cement Masons Local 40 Industry Advancement Fund is an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. §1002(1).

7. Plaintiff Donald Lavin is Co-Administrator of the aforementioned Funds (collectively referred to as "the Funds")

8. The Pension Fund, Annuity Fund, Health & Welfare Fund, Apprenticeship Fund, and Industry Advancement Fund were established to provide benefits, including pension and medical benefits and employment training, for members of Local 40. The Funds are administered by a separate Board of Trustees consisting of management and union trustees.

9. Benefits as aforesaid are financed in part by employer contributions. The contribution rate is set by the collective bargaining agreement ("CBA").

10. Defendant Royal Drywall & Construction, Co., Inc. ("Royal Drywall" or "Defendant") and Local 40 were, at all relevant times, parties to a CBA, attached hereto as Exhibit 1. See Defendant's Answer ¶ 14.

11. Articles V through IX of the CBA provide that Defendant shall make contributions to the following funds for each hour worked by each employee covered under the CBA ("covered employee"): the Health and Welfare Fund, the Pension Fund, Annuity Fund, Apprenticeship Fund and the Rhode Island Construction Industry Advancement Fund.

12. Articles V through IX of the CBA also set the contribution rates for the Funds.

13. The rights and obligations of Defendant and the Funds are set forth in the Trust Agreement.

14. The Trust Agreement provides, in relevant part, that Defendant shall promptly pay contributions, and pay penalties and interest when in default.

15. The CBA also requires Defendant to deduct dues from the paychecks of employees covered under Article IV § 5 and remit such dues to Local 40.

16. From July 2003 through December 2003, covered employees performed plastering services for Defendant. However, Defendant failed to make contributions to the Funds as required by the CBA and the Trust Agreements. See Affidavit of Donald Lavin, Exhibit 2.

17. From July 2003 through December 2003, Defendant deducted dues from the paychecks of covered employees but failed to remit such dues to Local 40 as required by the CBA. See Exhibit 2.

18. From July 2003 through December 2003, Defendant reported to the Funds that covered employees worked 2125, 1843, 1556, 2688, 1295 and 119 hours, respectively. Exhibit 2.

19. Pursuant to the CBA, the hourly rate of contributions Defendant owes for the aforementioned period of time to the Pension Fund is $5.00. Accordingly, Defendant owes $48,130 to the Pension Fund for the months of July through December 2003. See Exhibit 3.

20. Pursuant to the CBA, the hourly rate of contributions Defendant owes for the aforementioned period of time to the Annuity Fund is $2.85. Accordingly, Defendant owes $27,434.10 to the Annuity Fund for the months of July through December 2003. See Exhibit 3.

21. Pursuant to the CBA, the hourly rate of contributions Defendant owes for the aforementioned period of time to the Health and Welfare Fund is $5.75. Accordingly, Defendant owes $55,349.50 to the Health and Welfare Fund for the months of July through December 2003. See Exhibit 3.

22. Pursuant to the CBA, the hourly rate owed to the Apprenticeship Fund is $.15. Accordingly, Defendant owes $1,443.90 to the Apprenticeship Fund for the months of July through December 2003. See Exhibit 3.

23. Pursuant to the CBA, and the hourly rate owed to the Industry Advancement Fund is $.05. Accordingly, Defendant owes $481.30 to the Industry Advancement Fund for the months of July through December 2003. See Exhibit 3.

24. From July through December 2003, Defendant deducted, and failed to remit, $13,337.08 from covered employees' paychecks. Accordingly, Defendant owes $13,337.08 to the Local 40 for the months of July through December 2003.

23. From the period of July 2003 through December 2003, Defendant owes Plaintiffs a total of $97,634.79, not including interest, penalties and attorneys' fees.

Respectfully Submitted

PLAINTIFFS

By their Attorney,

Elizabeth Wiens, Esq. #6827
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Ste. C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax. (401)294-4702

CERTIFICATION

I hereby certify that a true copy of the within document was sent, postage pre-paid, to the following parties of record on the 21 day of June, 2005.

Linn F. Freedman, Esq.
Nixon Peabody LLP,
1 Citizens Plaza, 7th Floor
Providence, Rhode Island 02903

John E. Bulman
Little, Medieros, Kinder, Bulman & Whitney
72 Pine St., 5th Floor
Providence, RI 02903