UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PLASTERERS AND CEMENT MASONS LOCAL 40 PENSION FUND, PLASTERERS AND CEMENT MASONS LOCAL 40 ANNUITY FUND, PLASTERERS AND CEMENT MASONS LOCAL 40 HEALTH AND WELFARE FUND, PLASTERERS AND CEMENT MASONS LOCAL 40 APPRENTICESHIP FUND, AND DONALD LAVIN, in his official capacity as Co-Administrator of the Fund,
Plaintiffs,

v. C.A. No. 04-84L

ROYAL DRYWALL & CONSTRUCTION CO., INC.
Defendant

v.

O. AHLBORG & SONS, INC.
Third Party Defendant

**DEFENDANT, ROYAL DRYWALL & CONSTRUCTION CO., INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Now comes Defendant and Third Party Plaintiff, Royal Drywall & Construction Co., Inc., and hereby objects to Plaintiff, Plasterers and Cement Masons Local 40 Pension Fund, et al's Motion For Summary Judgment.

The reasons for the Objection are outlined in the attached Memorandum In Support of Objection To Plaintiff's Motion For Summary Judgment.

ROYAL DRYWALL & CONSTRUCTION CO., INC.

By Its Attorneys,

Linn F. Freedman
Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, Rhode Island 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614

Date: July 26, 2005

**CERTIFICATION**

I hereby certify that on this 26th day of July, 2005, I caused a true copy of the within Defendant and Third Party Plaintiff's Objection to Plaintiff's Motion for Summary Judgment to be mailed to the following:

Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852

John E. Bulman, Esq.
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903

Merida Dooris

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PLASTERERS AND CEMENT MASONS LOCAL 40 PENSION FUND, PLASTERERS AND CEMENT MASONS LOCAL 40 ANNUITY FUND, PLASTERERS AND CEMENT MASONS LOCAL 40 HEALTH AND WELFARE FUND, PLASTERERS AND CEMENT MASONS LOCAL 40 APPRENTICESHIP FUND, AND DONALD LAVIN, in his official capacity as Co-Administrator of the Fund,
Plaintiffs,

v.

ROYAL DRYWALL & CONSTRUCTION CO., INC.
Defendant

v.

O. AHLBORG & SONS, INC.
Third Party Defendant

C.A. No. 04-84L

**MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant and third-party plaintiff, Royal Drywall & Construction Co, Inc. ("Royal Drywall") hereby objects to Plaintiff's Motion for Summary Judgment for the reasons set forth below.

**The Facts**

This litigation arises out of a construction project known as Jefferson Place Apartments in Providence, Rhode Island. O. Ahlborg & Sons, Inc. ("Ahlborg") was the successful bidder for

the general contract. Ahlborg subcontracted portions of the work out to subcontractors, including Royal Drywall, which performed the drywall and plastering portion of the job.

In order for Royal Drywall to bid on the job, it was required to utilize union workers. When contracting with the union, there was no negotiation with respect to the contractual provisions (Please see attached Exhibit A). The union contract was provided to Royal Drywall on a take-it-or-leave-it basis. Royal Drywall did not consult a lawyer or obtain any advice when presented with the union contract. Royal Drywall was aware that if it wanted the job, it had to sign the contract and there was no negotiation of terms. (Please see Exhibit A).

Royal Drywall was successful in obtaining the drywall and plastering portion of the subcontract and commenced work pursuant to the contract. During the performance of the contractual work, it was necessary for Royal Drywall to perform additional work outside of the original terms of the contract. In July of 2003, an agreement was reached between Royal Drywall and Ahlborg wherein Ahlborg would continue to pay Royal Drywall to stay on the job to complete the work, despite the fact that the work contemplated by the agreement and the amount paid for such work had been depleted. The agreement included the direct payment of union dues, costs and expenses. (See Exhibit A and Third Party Complaint).

When Ahlborg and Royal Drywall reached the agreement for Ahlborg to pay all costs and expenses associated with the additional work to complete the job, including union dues and expenses, the union was aware of the agreement between Ahlborg and Royal Drywall. In fact, Ahblorg paid the union directly for the union benefits in July of 2003 and September of 2003. (Please see Exhibit A, Tab 1).

In September of 2003, Ahlborg stopped paying the union benefits and dues that it had previously agreed to pay and had been paying since June of 2003. When Ahlborg stopped

paying the union dues and benefits, Anthony DeOliveria of Royal Drywall discussed the situation with Anthony Dantuono, business manager of the local union. Mr. Dantuono was aware that Ahlborg had been paying the union benefits and dues. In addition, Mr. DeOliveria discussed with Mr. Dantuono whether or not the union workers should stay on the job due to the fact that Royal Drywall was unable to pay the union dues and expenses as Ahlborg was not paying Royal Drywall for the work being performed. The union had every opportunity to take the union workers off the job, but failed to do so until January of 2004, despite the fact that Ahlborg continued to fail to pay Royal Drywall and the union. (Please see Exhibit A).

The union filed suit against Royal Drywall and Royal Drywall filed a Third Party Complaint against Ahlborg as Ahlborg is responsible for the amounts due to the union, including interest, penalties and attorney's fees. Royal Drywall was never advised by the union, either prior to, or during the time that the union contract was in effect, that the union would seek penalties, interest and attorney's fees against Royal Drywall. In particular, at no time after Ahlborg stopped paying the union dues and expenses directly to the union, and during the period of time that the union continued to keep the workers on the job, did the union ever advise Royal Drywall that the union would allege that Royal Drywall would be responsible to pay penalties, interest and attorney's fees that add up to almost three times the principal amount owed. The union had total control of whether or not it would allow the workers to stay on the job during the time that Ahlborg did not pay the dues and expenses, and therefore, the union had the responsibility to mitigate its damages and failed to do so.

## Argument and the Law

### A. Standard for Summary Judgment.

In order for Plaintiff to prevail on a Motion for Summary Judgment, Plaintiff must prove that there is no genuine issue as to any material fact. F.R.C.P. Rule 56(c). The Court must view the entire record in the light most favorable to the party opposing summary judgment, and indulge all reasonable inferences in that party's favor. The Beacon Mutual Ins. Co. v. One Beacon Ins. Group, 376 F.3d 8 (1st Cir. 2004).

Plaintiff is unable to sustain the burden of proof as there are several issues of material fact which are in dispute in this matter. They include the facts outlined in the Affidavit of Anthony DeOliveria, attached at Exhibit A. Additional facts that are in dispute include the fact that 1) the contract the union required Royal Drywall to sign in order to perform the job was unconscionable and a contract of adhesion; 2) the union failed to mitigate its damages and never informed Royal Drywall that it would seek penalties, costs and attorney's fees because Ahlborg failed to pay the union benefits and expenses as promised; and 3) the determination of who is actually responsible for the amount owed to the union, including the adjudication of Royal Drywall's Third Party Complaint against Ahlborg. Because these facts are in dispute, Plaintiff's Motion for Summary Judgment must be denied.

### B. The Union Contract is Unconscionable.

As set forth in the Affidavit of Anthony DeOliveria, attached as Exhibit A, in order for Royal Drywall to successfully bid on the JPI job, Royal Drywall was required to sign a union contract and utilize union workers on the job. There was no negotiation with respect to the terms of the union contract and the contract was presented to him on a take-it-or-leave-it basis. Royal

Drywall did not obtain advice from counsel concerning the terms of the contract and signed the contract to be awarded the drywall and plastering portion of the job.

The union seeks an award of penalties, interest, costs and attorney's fees pursuant to the contract[1]. This claim by the union is unconscionable and should not be enforced by this Court. Specifically, any terms that the union seeks to utilize to substantiate its claim for costs, penalties and attorney's fees as outlined in Plaintiff's Motion for Summary Judgment should not be enforceable upon Royal Drywall for several reasons:

1) Royal Drywall was never made aware of the fact that the union would seek such penalties, attorney's fees and costs against it as a result of Ahlborg's failure to pay the union benefits and fees as promised;

2) The contract was submitted to Royal Drywall on a take-it-or-leave-it basis;

3) Royal Drywall never obtained advice concerning the terms of the contract; and

4) The contract terms relating to costs, penalties and attorney's fees are overwhelmingly adverse to Royal Drywall.

"In order to establish unconscionability, a party must prove (1) there is an absence of 'meaningful choice' on the part of one of the parties; and (2) the challenged contract terms are 'unreasonably favorable' to the other party. E. H. Ashley & Co. v. Wells Fargo Alarm Services, 907 F.2d 1274, 1278 (1st Cir 1990). Factors weighing into the decision of whether or nor a contract is unconscionable include disproportionate bargaining power, non-availability of alternatives, and an illegal, oppressive or unreasonable contract." Id.

[1] A review of the Agreement, attached to Plaintiff's Motion for Summary Judgment as Exhibit 1, will show that there are no provisions in the contract that give notice to Royal Drywall that the union would seek penalties, costs, interest and attorney's fees.

Contracts which are unconscionable have also been called contracts of adhesion, defined by the Rhode Island Supreme Court as "a phrase descriptive of a standard form printed contract prepared by one party and submitted to another on a take-it-or-leave-it basis. Usually, there is no true equality of bargaining power between the parties." Richard C. Young and Co., Ltd. v. Leventhal, 298 F. Supp.2d 160 (D. Ma. 2003); Pickering v. American Employers Ins. Co., 282 A.2d 584 (R.I. 1971).

Based upon the case law cited above, the contract presented to Royal Drywall on a take-it-or-leave-it basis, which was a pre-printed contract with no negotiation options, fits the criteria of a contract of adhesion and is unconscionable. Royal Drywall has proven through Exhibit A, that the contract is unconscionable. At no time was there a meaningful choice on the part of Royal Drywall to negotiate any terms of the contract in order to obtain the job. In addition, the terms of the contract are unreasonably favorable to the union, particularly with respect to penalties, interest and attorney's fees. The startling truth that supports Royal Drywall's allegation that the contract is unconscionable is Plaintiff's admission that the principal amount alleged from July 2003 through December 2003 is $97,634.68[2]. However, Plaintiff is seeking judgment against Royal Drywall in the amount of $306,236.69. Not only is Royal Drywall not responsible for the principal amount to the union, but the terms outlined by the Plaintiff to justify its request for a judgment against the Defendant more than three times the true amount owed to the Plaintiff is prima facie proof of the unfavorable nature of the contract terms against Royal Drywall.

Accordingly, based upon the foregoing, Royal Drywall requests that the Court find that the contract is unconscionable and constitutes a contract of adhesion.

[2] Royal Drywall contends that this amount may be in dispute as Ahlborg paid union dues to Local #40 in July and September of 2003, as evidenced by Tab 1 to Exhibit A, which is an accounting received directly from Ahlborg.

## C. The Union Failed to Mitigate its Damages

"It is the duty of one injured by breach of contract to make reasonable exertions to save himself from loss. He can charge the delinquent with such damage only as with reasonable endeavors and expenses he could not prevent." Cunningham Iron Co. v. Warren Mfg. Co., 80 F. 878 (C.C.D.R.I. 1897). The doctrine of mitigation of damages imposes on the party injured by an alleged breach of contract, the duty to exercise reasonable diligence and ordinary care in attempting to minimize its damages. Fleet Nat. Bank v. Anchor Media Television, Inc., 45 F.3d 546 (1st Cir. 1995); Cottle v. Gallup, 432 F.2d 43 (1st Cir. 1970).

In this case, the union had a duty and responsibility to attempt to reduce or limit the amount of damages owed it with respect to Ahlborg's failure to pay the union dues and expenses as promised from October 2003 (or July, 2003 as claimed by the union) through January of 2004. Specifically, between June of 2003 and October of 2003, Ahlborg paid the union directly for such dues and benefits. (Please see Exhibit A, Tab 1). When Ahlborg stopped paying the union, the union had every duty and right to remove the union workers from the job in order to mitigate the damages, particularly when Royal Drywall advised the union that it was unable to pay the benefits that Ahlborg stopped paying because Ahlborg was not paying Royal Drywall either. The union did nothing to mitigate its damages and in fact, kept union workers on the job until January of 2004. Not only did the union fail to mitigate the damages by taking workers off the job immediately after Ahlborg stopped paying the amounts due, the union then filed suit against Royal Drywall, knowing full well that Ahlborg was responsible for the amounts due.

Allowing the union to obtain a judgment for more than three times the amount due from Royal Drywall, when the union was aware that Ahlborg owed the amounts (See Exhibit A,

Tab 2), and actually received payments directly from Ahlborg (See Exhibit A, Tab 1), flies in the face of equitable principles and justice.

Accordingly, Royal Drywall requests that Plaintiff's Motion for Summary Judgment be denied.

**D. Ahlborg is Responsible to the Union for the Amounts Requested.**

As outlined in Royal Drywall's Third Party Complaint against Ahlborg, Ahlborg is the party responsible to the union for the amounts requested. As evidenced by Exhibit A, Ahlborg entered into an agreement with Royal Drywall for Royal Drywall to continue working on the job with the promise that Ahlborg would pay all union dues and expenses associated with the job, as well as pay Royal Drywall overhead and profit as a result of the additional work. Ahlborg paid the union directly for the dues and expenses from June of 2003 through October of 2003. In October of 2003, Ahlborg stopped paying the union dues.

Ahlborg is the real party in interest with respect to the amounts owed. Certainly, the question of the responsibility of Ahlborg to the claims of Plaintiff is germane to the Motion for Summary Judgment as the union seeks judgment directly against Royal Drywall, who is not the true responsible party. Accordingly, granting the Motion for Summary Judgment would be premature as there has not been a determination of the responsibility of Ahlborg in this matter, due to the Court's issuance of a Stay with respect to the Third Party Complaint.

Accordingly, for the foregoing reasons, Defendant and Third Party Plaintiff, Royal Drywall, respectfully requests that the Court deny Plaintiff's Motion for Summary Judgment.

ROYAL DRYWALL & CONSTRUCTION CO, INC.

By Its Attorneys,

Linn F. Freedman

Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, Rhode Island 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614

Date: July 26, 2005

**CERTIFICATION**

I hereby certify that on this 26th day of July, 2005, I caused a true copy of the within Memorandum in Support of Objection to Plaintiff's Motion for Summary Judgment to be mailed to the following:

Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852

John E. Bulman, Esq.
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903

Meiedo Dooris