UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
SEP 01 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

PLASTERERS AND CEMENT MASONS LOCAL 40 PENSION FUND, ET. AL.

Plaintiffs,

v.

C.A. No. 04-84L

ROYAL DRYWALL & CONSTRUCTION CO., INC.

Defendant.

**PLAINTIFFS' REPLY TO DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs submit this Memorandum in response to Royal Drywall & Construction Co., Inc.'s ("Royal") Objection to Plaintiffs' Motion for Summary Judgment. Because Royal offers no legitimate objection to Plaintiffs' Motion, Plaintiffs request that this Court grant their Motion for Summary Judgment.

## I. INTRODUCTION

It is undisputed that Royal signed a collective bargaining agreement ("CBA") with the Operative Plasterers and Cement Masons International Association, Local 40 ("the Union"). See Plaintiffs' Statement of Undisputed Facts ("Facts") ¶ 10.[1] It is also undisputed that Defendant is obligated to make contributions to the Plaintiff Funds for each hour worked by each employee covered under the CBA. Facts ¶ 11. Nor is it disputed that Defendant failed to pay contributions to the Funds, and failed to remit dues to the Union, for the period of July 2003 to December 2003. Facts ¶¶ 16-17. Finally,

[1] Because Defendant does not claim that this fact is in dispute in its Statement of Material Facts in Dispute, the statement is deemed admitted pursuant to RI U.S. Dist. Ct. Rule 12.1.

Defendant does not dispute Plaintiffs' damages calculations. Facts ¶ 23. See also Plaintiffs' Summary of Claim, attached to Facts as Exhibit 3. The only facts Defendant asserts are in dispute are immaterial to this case.

## II. THERE EXISTS NO DISPUTE OF MATERIAL FACT

Every single statement of fact cited in Defendant's Statement of Material Facts is irrelevant to the case at hand. Plaintiffs' arguments are listed after each of Defendant's "disputed" facts.

1. Whether Royal is entitled to indemnity from O. Ahlborg & Sons, Inc. ("Ahlborg") has no impact on Royal's liability to Plaintiffs. Plaintiffs' contract is with Royal, not Ahlborg. Moreover, as discussed in more detail below, any contract defense Royal has against the Union (other than that the contract is void) cannot be asserted against the Fund.

2-5. Whether Anthony Dantuono, a business agent for the Union, was aware that Ahlborg paid dues directly to the Union is irrelevant to the question of Royal's liability to Plaintiffs. At the most, this statement may create an issue of fact as to whether Royal and Ahlborg had an agreement but, again, such an agreement is wholly irrelevant to Plaintiffs' claims against Royal.

6-10, 14. Whether Mr. Dantuono was aware that Royal would not be able to fulfill its obligations to Plaintiffs and why Mr. Dantuono decided to keep the union plasterers on the job pursuant to the Union's contract with Royal is likewise immaterial because, as discussed below, the Union has no duty to breach the CBA.

11. Whether the CBA is unconscionable or a contract of adhesion is a question of law, not fact. See Brunsman v. DeKalb Swine Breeders, 138 F.3d 358, 360 (8th Cir.

1998); Delhomme Industries, Inc. v. Houston Beechcraft, Inc., 669 F.2d 1049, 1063 (5th Cir. 1982); County Asphalt, Inc. v. Lewis Welding & Engineering Corp., 444 F.2d 372 (2d Cir.), cert. denied, 404 U.S. 939 (1971); Mullan v. Quickie Aircraft Corp., 797 F.2d 845, 849-850 (10th Cir. 1986).

12-13. Whether the Union read the CBA to Royal and/or informed him that federal law requires the Funds to seek interest, penalties and attorneys' fees on delinquent contributions is immaterial. Neither the Union nor the Funds had a duty to read the CBA to Royal, nor did they have a duty to educate Royal as to federal and state law.

15. Whether Plaintiffs are entitled to penalties, costs, and attorneys' fees is a question of law, not fact. See 29 U.S.C. § 1132(g)(attorneys' fees, penalties, interest and costs are mandatory award under ERISA).

## III. DEFENDANT'S UNCONSIONABILITY AND MITIGATION DEFENSES ARE WAIVED

Defendant failed to plead the affirmative defenses of unconscionabililty[2] and failure to mitigate in its Answer. Accordingly, both defenses are waived. Pursuant to Federal Rule of Civil Procedure 8(c), any matter constituting an avoidance or affirmative defense must be pleaded or it is deemed waived. See Rivera-Puig v. Garcia-Rosario, 983 F.2d 311, 319 n.12 (1st Cir. 1992); Federal Deposit Ins. Co. v. Ramirez-Rivera, 869 F.2d 624, 626 (1st Cir. 1989).

[2] It should be noted that no court has ever found a collective bargaining agreement, or any provision thereof, to be unconscionable. In fact, courts have held that parties to a collective bargaining agreement are presumptively of equal bargaining power. See Waggoner v. Dallaire, 649 F.2d 1362, 1367 (9th Cir. 1981), reversed on other grounds. Under defendant's theory, "almost all union contracts would be unenforceable since standardized contracts are commonplace in modern labor relations and all concessions won by unions from employers result from unions employing their bargaining strength on strategically chosen issues." Id.

Unconscionability is an affirmative defense. See Earman Oil Co. v. Burroughs Corp., 625 F.2d 1291, 1299 (5th Cir. 1980). Similarly, failure to mitigate is an affirmative defense as a matter of federal procedural law and therefore must be pleaded. Jones & Jones v. Pineda & Pineda, 22 F.3d 391, 400 (1st Cir. 1994). Thus, failure to plead the defenses of unconscionability and mitigation of damages constitutes waiver of those defenses. See Seahorse Marine Supplies, Inc. v. P.R. Sun Oil Co., 295 F.3d 68, 84 (1st Cir. 2002).

## IV. ERISA PRECLUDES ROYAL'S DEFENSES

Federal law recognizes only two defenses to an ERISA action to collect delinquent contributions: (1) that the contributions themselves are illegal, see Kaiser Steel Corp. v. Mullins, 455 U.S. 72, 86-88 (1982), and (2) that the collective bargaining agreement is void (not merely voidable). Compare Operating Eng'rs Pension Trust v. Gilliam, 737 F.2d 1501, 1503-05 (9th Cir. 1984) (employer who was not aware he was signing a collective bargaining agreement could raise defense), with Southern California Retail Clerks Union and Food Employers Joint Pension Trust Fund v. Bjorklund, 728 F.2d 1262, 1265-66 (9th Cir. 1984) (employer who knew he was signing collective bargaining agreement, but who was fraudulently induced to enter it, could not raise defense). Thus, "once an employer knowingly signs an agreement that requires him to contribute to an employee benefit plan, he may not escape his obligation by raising defenses that call into question the union's ability to enforce the contract as a whole." Benson v. Brower's Moving & Storage, Inc., 907 F.2d 310, 314 (2d Cir. 1990). Accordingly, Royal's defenses of unconscionability and failure to mitigate are not cognizable under ERISA.

## V. THE UNION HAD NO DUTY TO FORCE ITS MEMBERS TO QUIT

Defendant quizzically asserts that the Union should have forced its members to quit their employment with Royal, citing absolutely no case support. However, not only did the Union have no duty to force it members into unemployment, thus potentially breaching a contract itself, but, if the Union had pulled its members off the job, it may have been prevented from obtaining damages. The duty to mitigate damages prevents a party who has been wronged by a breach of contract from accumulating damages by sitting idle. Calamari & Perrillo, Contracts § 14-15, at 610 (3d ed. 1987). Iron Workers' Local No. 25 Pension Fund v. Klassic Servs., 913 F. Supp. 541, 546 (D. Mich. 1995). It does not force an employee to quit when his employer ceases paying contributions on his behalf. See Allied Int'l v. International Longshoremen's Ass'n, 814 F.2d 32, 39 (1st Cir. 1987) (an injured plaintiff is not under any duty to take outlandish chances in order to mitigate its damages).

Respectfully Submitted
PLAINTIFFS
By their Attorney,

Elizabeth Wiens #6827
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd. Ste. C
North Kingstown, RI 02852
Tel (401) 294-4700
Fax (401) 294-4702

CERTIFICATION

I hereby certify that on the 31 day of August, 2005, I mailed a true copy of the within document, postage pre-paid, to Linn F. Freedman, Esq., Nixon Peabody LLP, 1 Citizens Plaza, 7th Floor, Providence, Rhode Island 02903 and Joseph P. Quinn, Esq. Little, Medeiros, Kinder, Bulman & Whitney, P.C., 72 Pine Street, Providence, RI 02903.