UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PLASTERERS AND CEMENT MASONS LOCAL 40 PENSION FUND, ET. AL.<br><br>Plaintiffs,<br><br>v.<br><br>ROYAL DRYWALL & CONSTRUCTION CO., INC.<br><br>Defendant. | C.A. No. 04-84L |

**PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION IN LIMINE TO STRIKE WITNESS TESTIMONY**

Plaintiffs Plasterers and Cement Masons Local 40, et. al., by and through their undersigned counsel, hereby object to Defendant's Motion to Strike Witness Testimony for the reasons set forth in their attached Memorandum of Law.

Respectfully submitted,
On behalf of Plaintiffs,
By their attorney,

Elizabeth A. Wiens, Esq.#6827
Gursky Law Associates
420 Scrabbletown Rd., Ste. C
North Kingstown, RI 02852
Tel (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that a true copy of the within document was sent, postage pre-paid, to the following parties of record on the 30 day of June, 2006.

Linn F. Freedman, Esq.
Nixon Peabody LLP,
1 Citizens Plaza, 7th Floor
Providence, Rhode Island 02903

John E. Bulman, Esq.
Little, Medeiros, Kinder, Bulman & Whitney
72 Pine St., 5th Floor
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PLASTERERS AND CEMENT MASONS LOCAL 40 PENSION FUND, ET. AL.

Plaintiffs,

v. C.A. No. 04-84L

ROYAL DRYWALL & CONSTRUCTION CO., INC.

Defendant.

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO DEFENDANT'S MOTION IN LIMINE TO STRIKE WITNESS TESTIMONY**

Plaintiffs Plasterers and Cement Masons Local 40, et. al., by and through their undersigned counsel, hereby object to Defendant's Motion to Strike Witness Testimony for the reasons set forth below.

## I. DONALD LAVIN'S TESTIMONY RELATES TO MATTERS THAT ARE NOT IN DISPUTE

Plaintiffs seek to have Donald Lavin testify as to issues heretofore not objected to by Defendant. Mr. Lavin's testimony is proffered to explain the damage calculations to the Court. Mr. Lavin will point out the applicable sections of the Trust Agreement which indicate the contribution and interest rates. Mr. Lavin will testify about how the contributions are calculated. Finally, Mr. Lavin will testify about the payments received from Ahlborg.

Defendant has never objected to Plaintiffs' calculations as to the amount of contributions owed. Indeed, in Defendant's Objection to Plaintiffs' Motion for Summary

Judgment, filed in August 2005, Defendant did not object to Plaintiffs' damage calculations and therefore, they were deemed admitted pursuant to RI U.S. Dist. Ct. Rule 56. Defendant's objections relate to who is responsible for those contributions. Defendant has also questioned whether the twenty percent penalty pursuant to federal law is unconscionable. To the extent that Defendant continues to admit to the accuracy of the damage calculations, Donald Lavin's testimony will be unnecessary. It is simply offered as security in the event that Defendant decides to dispute the calculations. Moreover, this Court could take judicial notice of much of Donald Lavin's testimony, including the number of hours worked, the contribution rate and the multiplication of those figures. However, Plaintiffs' attorney has created a spreadsheet, which was previously attached to Plaintiffs' Motion for Summary Judgment, she will seek to introduce through Donald Lavin, which clarifies the damage calculations and creates a clear record for the Court.

## II. DONALD LAVIN'S TESTIMONY WILL NOT LEAD TO "TRIAL BY AMBUSH"

Donald Lavin is a Plaintiff in this case and has been identified through the Complaint and discovery as the Co-Administrator of the Plaintiff Funds. He has also been identified as one of two individuals that supplied answers to the interrogatories. Finally, his Affidavit was offered in support of Plaintiffs' Motion for Summary Judgment. Mr. Lavin's testimony will essentially echo his Affidavit. Accordingly, he is by no means a surprise witness. Defendant has been aware of Donald Lavin's role in this case for well over a year and could have, at any time, sought to depose him.

## III. TO THE EXTENT THIS COURT FINDS THAT DEFENDANT WAS PREJUDICED BY ITS FAILURE TO DEPOSE PLAINTIFF DONALD LAVIN, PLAINTIFFS WILL PRODUCE MR. LAVIN FOR DEPOSITION

In the event this Court finds that Defendant will be prejudiced because it chose not to depose Donald Lavin prior to the close of discovery, Plaintiffs are willing to produce Mr. Lavin for deposition testimony.

Respectfully submitted,
On behalf of Plaintiffs,
By their attorney,

Elizabeth A. Wiens, Esq.#6827
Gursky Law Associates
420 Scrabbletown Rd., Ste. C
North Kingstown, RI 02852
Tel (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that a true copy of the within document was sent, postage pre-paid, to the following parties of record on the 30 day of June, 2006.

Linn F. Freedman, Esq.
Nixon Peabody LLP,
1 Citizens Plaza, 7th Floor
Providence, Rhode Island 02903

John E. Bulman
Little, Medeiros, Kinder, Bulman & Whitney
72 Pine St., 5th Floor
Providence, RI 02903

Kerrie Kanuch[illegible]