# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

LOCAL 40 PENSIONS, ET AL )
)
*Plaintiff(s)* )
)
)
VS. ) CV-04-84L
)
)

ROYAL DRYWALL & CONST RUCTION CO., INC., ET AL

*Defendant*

## ORDER
## REFERRING CASE TO ALTERNATIVE DISPUTE RESOLUTION

The parties (Local 40 Pension Fund and Royal Drywall & Construction Co., Incorporated) have indicated their agreement to pursue mediation of this matter. The parties have selected **Berry Mitchell** to serve as mediator.

**IT IS HEREBY ORDERED THAT:**

(a) **Conduct of ADR Proceedings:** ADR proceedings shall be conducted in accordance with procedures outlined in the Court's ADR Plan as amended.

(b) **Date of Mediation** This matter has been scheduled by the mediator to occur on ***July 13, 2006 at 1:30 PM in Room 112 of the John O. Pastore Building located at 2 Exchange Terrace, Providence, Rhode Island.***

(c) **No Waiver of Requirements Established by the Court:** Referral of this case to mediation shall not excuse the parties from compliance with any and/or all requirements established by the court, nor toll any time limitations imposed upon the parties by reason of rule or Order of the Court.

(d) **Mediation Proceedings are confidential**. The parties and the Mediator shall not disclose information regarding the process, including settlement terms, to the Court or to third persons unless all parties otherwise agree. The ADR process shall be treated as a compromise negotiation for purposes of the Federal Rules of Evidence. The mediator is disqualified as a witness, consultant, attorney, or expert in any pending or future action relating to the specific dispute, including actions between persons not parties to the ADR process. Upon completion of the mediation the mediator shall promptly report the outcome of the mediation, reporting only whether the matter settled or not.

(e) **Duty to Attend and Participate :** Unless expressly excused by the Court or mediator assigned to the case, all parties and counsel of record having full Settlement Authority as defined in Section IV of the Amended ADR Plan, shall attend the scheduled mediation and participate in good faith.

(f) **Compensation of the Neutral:** The ADR Administrator serving as mediator, shall receive no compensation for his service.

DATED this the 12th Day of July, 2006

Ronald R. Lagueux

RONALD R. LAGUEUX, SENIOR JUDGE
UNITED STATES DISTRICT COURT